UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

| | |
|---|---|
| BOBBY AND DONNA COATES | CASE NO. 11-52963 |
| DEBTORS | |
| JAMES D. LYON, TRUSTEE | PLAINTIFF |
| V. | ADV. NO. 13-5029 |
| BOBBY COATES, ET AL. | DEFENDANTS |

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Plaintiff's Motion for Summary Judgment [Docs. 27 & 32] and the Defendants' Response [Doc. 58]. The Plaintiff filed this adversary proceeding seeking to revoke the Defendants' discharge pursuant to 11 U.S.C. § 727(d)(2)[1] for failure to disclose a $22,000.00 credit received pre-petition for the trade-in of a vehicle and the post-petition use of the credit to purchase a new vehicle. The Plaintiff argues that there is no genuine issue of material fact and the Plaintiff is entitled to judgment as a matter of law. For the reasons set forth more fully herein, the Plaintiff's Motion for Summary Judgment is denied.

Facts

The Plaintiff filed this adversary proceeding on August 28, 2013, seeking to revoke the Debtor Defendants discharge pursuant to §§ 727(d)(2) and 727(e)(2). The Plaintiff alleges the following in the Complaint [Doc. 1]:

---

[1] Section 727(d)(2) provides that the Court shall revoke a discharge if the debtor "acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of the entitled to such property, or to deliver or surrender such property to the trustee."

1

- The Defendants filed for chapter 7 relief on October 25, 2011, and the Plaintiff Jim Lyon was subsequently appointed as Trustee.

- On September 22, 2011, one month prior to filing their petition, the Defendants transferred a 2006 Dodge 2500 to Central Kentucky Truck and Trailer Sales and received a credit against the purchase of another vehicle in the amount of $22,000.00.

- On October 25, 2011, the Defendants signed under the penalty of perjury their Statement of Financial Affairs stating that they transferred a 2006 Dodge Truck for $22,000.00 "all paid to lienholder Darrell Osborne…"

- On November 21, 2011, the Defendants confirmed this statement when they testified under oath at the first meeting of creditors.

- The Plaintiff, having determined that Mr. Osborne's lien was not noted on the certificate of title, filed an adversary proceeding against Mr. Osborne to recover the $22,000.00 for the estate. During the course of the proceeding, the Plaintiff discovered the "fraud committed by the Debtors."

- On January 29, 2012, the Defendants applied the $22,000.00 credit toward the purchase of a 2700 Dodge 3500 truck.

- On January 30, 2012, the Defendants received their discharge.

The Plaintiff alleges that based on these facts, the Defendants violated § 727(d)(2) and the Plaintiff is entitled to ask for a revocation of the discharge pursuant to § 727(e)(2), which allows this cause of action to be filed before the later of one year after the granting of the discharge or the date the case is closed.

On November 2, 2013, the Defendants moved to dismiss pursuant to FED R. CIV. P. 12(b)(6). On December 3, 2013, the Plaintiff filed a joint response to the Motion to Dismiss and a Motion for Summary Judgment. The Defendants responded to the Motion for Summary Judgment by arguing that there are genuine issues of material fact as to the Defendants' intent and attaching affidavits by the Defendants' in support [Doc. 58-60].

The Court held a hearing on January 23, 2014 and the Court denied the Defendants' Motion to Dismiss. The Court took the Plaintiffs' Motion for Summary Judgment under submission and it is now ripe for determination.

**Analysis**

**I.    To Prevail on Summary Judgment, the Plaintiff Must Prove There are No Genuine Issues of Material Fact and He is Entitled to Judgment as a Matter of Law.**

On a motion for summary judgment, the movant has the burden of showing that no genuine issues of material fact are in dispute, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249. A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

Construing the facts in the light most favorable to the Trustee, it is apparent that the Trustee is not entitled to summary judgment where the Defendants' affidavits raise a genuine issue of material fact regarding the Defendants' intent.

## II. The Plaintiff is Not Entitled to Summary Judgment Where There is a Genuine Issue of Material Fact Regarding the Defendants' Fraudulent Intent.

The Plaintiff argues that there are no facts in dispute and when taken as true, the only inference the Court may draw is that the Debtors' "knowingly and fraudulently" failed to report the $22,000.00 credit and their later acquisition of a new vehicle in using that credit. The Plaintiff is incorrect.

While there is little dispute as to the facts that led to the adversary proceeding, there is a genuine issue of material fact as to the Defendants' intent for those actions. The Defendants do not admit fraud and in fact deny, by affidavit, that they intended to act knowingly and fraudulently in using the $22,000.00 credit to purchase a new vehicle. *See* Defendants' Response [Doc. 58] and Defendants' Signed Affidavits [Docs. 59 & 60]. The Plaintiff argues that despite the affidavits, the Defendants' course of conduct warrants an inference of fraud and the Court may draw that inference at summary judgment. In support, the Plaintiff relies on *Love v. Love (In re Love)*, 182 B.R. 161, 174-175 (Bankr. W.D. Ky. 1995). But the Court in *Love* determined that the plaintiff met her burden in proving the elements of fraud by clear and convincing evidence after a trial on the merits, not summary judgment. *Id. at* 163. While the Court may ultimately find that the totality of the circumstances warrant drawing an inference of fraud, that inference cannot be made at a summary judgment stage where there remain genuine issues of material fact about the Debtors' intent. The Court's task is to determine whether there is a genuine issue for trial, and the Debtors' affidavits are sufficient to raise such an issue.

4

**Conclusion**

Based on the foregoing, it is ORDERED the Plaintiff's Motion for Summary Judgment is DENIED.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:
*Gregory R. Schaaf*
Bankruptcy Judge
Dated: Tuesday, January 28, 2014
(grs)**